UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE BOANEGRES ESPINOZA,
Plaintiff,

v.

NFS UNLIMITED, LLC, et al.,
Defendants.

Case No. 26-cv-08901-WHO

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 13

Plaintiff moves to remand this case to the California Superior Court for Alameda County. Dkt. No. 13. Defendant NFS Unlimited, LLC d/b/a Skates by the Bay, had removed the case to this court because it contended that the individual and non-diverse defendant, Leo Guardado, was fraudulently joined. Dkt. Nos. 1, 6.

Defendants are correct that the vast number of causes of action asserted in plaintiff's Complaint involve only NSF Unlimited (15 out of 16) and that Guardado is named only in Count 15, Harassment in violation of California's Fair Employment and Housing Act ("FEHA"). Defendants are also correct that the harassment claims against Guardado are somewhat thin, and the existing Complaint lacks details about the what, where, and when of the acts by Guardado that plaintiff alleges created a hostile work environment or otherwise amount to actionable harassment.

The standard on this motion, however, is not whether plaintiff's harassment claim survives Federal Rule of Civil Procedure 12(b)(6) analysis but whether the individual defendant can "be liable on any theory"; if there is any "possibility" that a state court would find that the complaint states a cause of action, I must remand. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

United States District Court
Northern District of California

United States District Court
Northern District of California

In light of the allegations of the Complaint, and given plaintiff's representation that he could allege additional allegations about Guardado's conduct, I cannot determine that plaintiff "could not possibly prevail on [his] claims against the allegedly fraudulently joined defendant" or that the claims against Guardado are "wholly insubstantial and frivolous." *Grancare*, 889 F.3d at 548-49. For that reason, remand is required.

Plaintiff's motion to remand is GRANTED. As this case is a close one, plaintiff's request for an award of fees and costs is DENIED because defendant's removal was not objectively unreasonable.

**IT IS SO ORDERED.**

Dated: November 4, 2026

William H. Orrick
United States District Judge